**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DANNY CLEGGETT,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **CIVIL NO. 05-067-DRH** |
| | **)** | |
| **ROGER E. WALKER, JR.,** | **)** | |
| **and BEAR LITTLETON,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, currently an inmate in the Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In his complaint, Plaintiff alleges that he lost his job working in the meat processing plant at the Menard minimum-security facility (MSU) because he reported that Bear Littleton, an I.D.O.C. employee, was stealing supplies. He also states that he was transferred to a higher-level security institution due to this incident; he claims that he was discriminated against for reporting the truth.

Exhibits attached to the complaint reveal the following scenario: According to a letter Plaintiff wrote to Sherry Hile, dated December 18, 2004, Plaintiff and his cell mate at the MSU were moved to the segregation unit and placed on investigative status on October 4, 2004, due to a large quantity of meat that was missing.[1] Plaintiff told Internal Affairs that the meat they found in the officer's cleaning plant, the employee car wash, and the industrial warehouse was sent there by Littleton. On October 18, Plaintiff spoke with two investigators from the Illinois state police, who assured him that they would protect him from retribution from staff members if he told them the truth. He repeated his story, explaining that he had seen the same sort of thing happen on several occasions.

Upon his release from segregation on October 22, C/O McClure advised Plaintiff to watch his back due to animosity directed at him from Sgt. Bush, a close friend of Littleton; Littleton was then under investigation, and his job was in jeopardy, due to Plaintiff's statements. Three days later Plaintiff spoke with one of the investigators again, who decided that Plaintiff should be moved from the MSU for his own safety. Plaintiff was then transferred to Pinckneyville and placed in protective

---

[1] This statement is supported by a copy of a disciplinary report written by C/O Wiechert, dated that same day; the charges on the ticket are indicated merely by a code number and checked box "504A."

custody.[2]

Plaintiff claims that it was unfair to transfer him to a higher-security facility, as he had done nothing wrong, and the Court understands his perspective. However, the Court believes that the investigator took appropriate action to remove Plaintiff from a setting in which his safety had been specifically threatened. Although it is unfortunate that Plaintiff lost his job at the slaughterhouse due to his transfer, he does not have a constitutionally protected property or liberty interest in a prison job. *See DeWalt v. Carter,* 224 F.3d 607, 613 (7th Cir. 2000). Nor does he have a liberty interest in remaining in a particular institution within the I.D.O.C. *See Meachum v. Fano*, 427 U.S. 215, 224-25, *reh. denied*, 429 U.S. 873 (1976). *See also McKune v. Lile*, 536 U.S. 24 (2002); *Sandin v. Conner*, 515 U.S. 472 (1995).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: July 21, 2005**

/s/ David RHerndon
**DISTRICT JUDGE**

[2] Some exhibits are grievances regarding problems with his cell mate at Pinckneyville, which have no bearing on his claims regarding his job loss and transfer.